UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>       Plaintiff,<br><br>      vs.<br><br>VERNON LEJUANE POWELL,<br>       Defendant. | CASE NO: **1:24-CR-18**<br><br>DETENTION ORDER |

The defendant is charged with a drug crime under the Controlled Substances Act (21 U.S.C. § 801 et seq.), for which the defendant could be required to serve ten or more years in prison and with a felony involving possession or use of a firearm, destructive device, or other dangerous weapon. On the government's motion, the court held a detention hearing under the Bail Reform Act, 18 U.S.C. § 3142(f). The court concludes the defendant must be detained pending trial.

There is a rebuttable presumption that no condition or combination of conditions of release will reasonably assure the defendant's appearance at court proceedings and the safety of the community because there is probable cause to believe the defendant committed a drug crime under the Controlled Substances Act (21 U.S.C. § 801 et seq.), for which the defendant could be required to serve ten or more years in prison. The defendant has not rebutted this presumption.

Based on the information of record, the court finds by a preponderance of the evidence that the defendant's release would pose a risk of nonappearance at court proceedings, and by clear and convincing evidence that the defendant's release would pose a risk of harm to the public.

In addition to the reasons more particularly stated on the record in open court at the detention hearing, the court finds that the weight of the evidence of dangerousness against the defendant is strong. The Sixth Circuit "routinely affirms, on dangerousness grounds, the pre-trial detention of run-of-the-mill drug dealers, even without any indication that the defendant has engaged in violence." *United States v. Stone*, 608 F. 3d 939, 947 n.6 (6th Cir. 2010). Notably, "the risk of continued narcotics trafficking on bail constitutes a risk to the community." *United States v. Hare*, 873 F.2d 796, 798 (5th Cir. 1989) (cited with approval in *Stone*, 608 F.3d at 947 n.6). In addition, the defendant has a criminal history that includes prior federal drug and weapons offenses for which the defendant was on supervised release. The new federal law charges are similar to those for which the defendant has previously been convicted, and there is probable cause to believe the defendant violated the travel restriction imposed by the Court on supervised release to engage in drug trafficking. The defendant also has state law drug convictions and crimes of violence; he has violated the conditions of probation, bond, and community control previously imposed by a court; he is subject to a lengthy period of incarceration if convicted; and conditions which restrict the defendant's travel, personal contacts, and possession of drugs, alcohol, and/or firearms; require reporting, education, employment, or treatment; or monitor the defendant's

movements or conduct; or any combination of these conditions or others currently proposed or available (see 18 U.S.C. § 3142(c)), will not sufficiently ameliorate the risks posed if the defendant is released.

## Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or a designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal. The defendant must be afforded a reasonable opportunity to consult privately with defense counsel.  On order of the United States Court or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to the United States marshal for a court appearance.

Dated March 7, 2024

BY THE COURT: *s/Karen L. Litkovitz*