IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION – CINCINNATI

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 1:24-cr-18 |
| Plaintiff, | : | |
| | : | Judge Matthew W. McFarland |
| v. | : | |
| | : | |
| VERNON POWELL, | : | |
| | : | |
| Defendant. | : | |

### ORDER GRANTING IN PART DEFENDANT'S
### MOTION TO AMEND PROTECTIVE ORDER (Doc. 18)

This matter is before the Court on Defendant's Motion to Amend Protective Order (Doc. 18). The Government filed a Response in Opposition (Doc. 20), to which Defendant filed a Reply in Support (Doc. 21). Thus, this matter is ripe for the Court's review. For the reasons below, Defendant's Motion to Amend Protective Order (Doc. 18) is **GRANTED IN PART**.

### FACTS

On February 28, 2024, a federal grand jury returned a five-count Indictment charging Defendant with one count of conspiracy to possess with intent to distribute in violation of 21 U.S.C. § 846, two counts of possession with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(c), one count of possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(C), and one count of felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). (Indictment, Doc. 3.)

Following a detention hearing, the United States Magistrate Judge found that there was no condition or combination of conditions that would reasonably assure Defendant's appearance or the safety of the community if Defendant were released. (Detention Order, Doc. 12.) The Magistrate Judge reached this conclusion after considering Defendant's prior federal drug and weapons offenses for which Defendant was on supervised release, his state drug convictions and crimes of violence, and his previous violations of probation, bond, and travel restrictions. (*See id.*) Accordingly, Defendant was ordered detained pending trial. (*Id.*)

On March 28, 2024, the Government moved for a protective order from the Court prior to producing discovery. (Motion for Protective Order, Doc. 15.) The Government advised that the discovery materials contained identifying information about cooperating sources and witnesses, as well as other private information. (*Id.* at Pg. ID 36.) Defendant did not oppose this motion. On April 9, 2024, the Court adopted the Government's proposed Protective Order. (Protective Order, Doc. 16.) Relevant here, the Protective Order allows Defense Counsel to retain discovery materials and review them with Defendant, but states that "Defense [C]ounsel shall not permit the defendant to retain any discovery materials produced by the Government." (*Id.* at Pg. ID 46.) Defendant now moves to amend this portion of the Protective Order. (*See* Motion to Amend, Doc. 18.)

## LAW & ANALYSIS

Federal Rule of Criminal Procedure 16(d)(1) governs protective and modifying orders pertaining to discovery. "At any time the court may, for good cause, deny, restrict,

2

or defer discovery or inspection, or grant other appropriate relief." Fed. R. Crim. P. 16(d)(1). "The Government bears the burden of showing 'good cause' for a protective order, which showing must be made with sufficient specificity and cannot rest upon broad and unsubstantiated allegations." *United States v. Campbell*, No. 1:19-CR-25, 2019 U.S. Dist. LEXIS 99806, at *2-3 (S.D. Ohio June 14, 2019) (citation omitted).

While Rule 16 "does not attempt to indicate when a protective order should be entered, it is obvious that one would be appropriate where there is reason to believe that a witness would be subject to physical . . . harm if his identity is revealed." Fed. R. Crim. P. 16(d) advisory committee's note to 1974 amendment. "Also relevant to the Court's consideration is whether the proposed protective order is no broader than necessary to accomplish its intended purpose, and whether Defendant has shown he is prejudiced by the imposed limitations." *Campbell*, 2019 U.S. Dist. LEXIS 99806, at *3.

Defendant moves to amend the Protective Order to allow him to personally retain all discovery materials. (*See* Motion to Amend, Doc. 18.) Defendant maintains that the current Protective Order impacts his constitutional right to prepare a defense and to effective assistance of counsel. (*Id.* at Pg. ID 53-56.) Defendant also maintains that witness safety is not at issue here because the confidential informant's identity is concealed in the relevant documents. (*Id.* at Pg. ID 52-53.) The Court will first consider Defendant's constitutional concerns.

## I. Constitutional Concerns

While the Court is cognizant that the current discovery restrictions may be inconvenient for Defense Counsel, they do not "rise to a level to compromise

[Defendant's] substantive rights." *United States v. Barbeito*, No. 2:09-CR-222, 2009 U.S. Dist. LEXIS 102688, at *8 (W. Va. Oct. 30, 2009). Though Defendant may not personally retain the discovery materials, he can fully review them in the presence of his counsel. (Protective Order, Doc. 16, Pg. ID 46.) Defense counsel has not identified any hinderance that completely interferes with such review. (*See* Motion to Amend, Doc. 18.) To be sure, the Government has offered to accommodate additional time for Defendant to review discovery with Defense Counsel if requested. (Response, Doc. 20, Pg. ID 61.) As such, the inconvenience to Defendant and his counsel "is outweighed by the mitigation of the dangers [that] disclosure [c]ould present." *Barbeito*, 2009 U.S. Dist. LEXIS 102688, at *8. Defendant has thus not shown that the restrictions in the Protective Order impact his right to effective assistance of counsel.

Defendant also has not shown that the Protective Order unconstitutionally restricts his ability to prepare a defense. (Motion, Doc. 18, Pg. ID 54.) Under the current Protective Order, Defendant can review all discovery materials in this matter. (*See* Protective Order, Doc. 16.) "The only information Defendant will not have, at this time, is the precise identities of the confidential informants." *Campbell*, 2019 U.S. Dist. LEXIS 99806, at *7. "This limited redaction does not obscure the nature of the charges, and Defendant will be permitted to confront witnesses against him in due course." *Id*. Thus, Defendant has not demonstrated prejudice to his defense created by the Protective Order. *See id*.

II. **Protection of Witnesses**

The Court will next consider Defendant's argument that the safety of witnesses is

4

not at issue. (Motion to Amend, Doc. 18, Pg. ID 52-53.) Protective orders are often employed to "serve[] the significant interest of ensuring the safety of witnesses and confidential informants." *Campbell*, 2019 U.S. Dist. LEXIS 99806, at *5. Given Defendant's history of drug and firearm crimes, as well as the seriousness of the charged conduct, Defendant poses a clear risk to the safety of witnesses and informants. *See id*. Nevertheless, Defendant maintains that concerns over witness safety are not at issue because the confidential informant's name is concealed in the discovery documents. (Motion to Amend, Doc. 18, Pg. ID 52-53.)

Contrary to Defendant's assertion, the redaction of the informant's name from discovery documents does not completely prevent Defendant from identifying and then intimidating the informant or other witnesses. While the informant's name may be redacted, the surrounding information is not. "[T]hat unredacted content can undoubtedly be used in piecing together the possible identities of witnesses and informants." *Campbell*, 2019 U.S. Dist. LEXIS 99806, a *6. Amending the Protective Order to Defendant's request would "allow the materials to remain in Defendant's possession, providing ample, uninterrupted time to mull over the informant['s] identities." *Id*. The discovery material could then be shared with non-incarcerated individuals to carry out "acts of intimidation or harm against the cooperating witnesses or their families." *United States v. Dent*, No. SACR 16-00029(B)-CJC, 2017 U.S. Dist. LEXIS 38185, at *13 (C.D. Cal. Mar. 15, 2017).

That said, while the Government has a legitimate concern over the safety of its witnesses, the current Protective Order—which prohibits Defendant from retaining any

5

discovery materials—is overbroad in relation to that risk. "[I]n determining the appropriate level of protection, it is important to ensure that a protective order is no broader than necessary to serve the intended purpose." *United States v. Darden*, No. 3:17-CR-124, 2017 U.S. Dist. LEXIS 137942, at *7 (M.D. Tenn Aug. 28, 2017) (citations omitted). "Although, blanket protective orders expedite the flow of discovery and avoid the time consuming, inefficient process of a document by document review, they can be overbroad and unnecessary." *Id.* (cleaned up).

While courts have employed protective orders with limitations on a defendant's ability to retain discovery materials outside the presence of counsel, such restrictions were personalized to address the specific concern raised by the Government. *See, e.g.*, *Dent*, 2017 U.S. Dist. LEXIS 38185, at *14 (collecting cases of protective orders that restricted a defendant's ability to personally retain Jencks materials). For example, in *United States v. Campbell*, this Court determined that a protective order restricting the defendant's access to redacted information related to a confidential informant was proper, as the defendant otherwise had "access to all discovery materials." *Campbell*, U.S. Dist. LEXIS 99806, at *4.

In contrast, the Protective Order here prohibits Defendant from retaining any discovery in this case, no matter how innocuous. (*See* Protective Order, Doc. 16, Pg. ID 46.) The parties have indicated that the discovery materials are voluminous. (Motion for Protective Order, Doc. 15, Pg. ID 36; Motion to Amend, Doc. 18, Pg. ID 52.) Yet, the Government does not show why a blanket restriction on all discovery materials is necessary to ensure the safety of witnesses. (*See* Motion for Protective Order, Doc. 15;

6

Response, Doc. 20.) Rather, the Government simply states that the discovery materials contain "identifying information concerning cooperating sources, and other witnesses, as well as other private information" and that "dissemination [of these] sensitive discovery materials [] would adversely affect law enforcement interests." (Motion for Protective Order, Doc. 15, Pg. ID 36; Response, Doc. 20, Pg. ID 59.) Such "[b]road allegations of harm, unsubstantiated by specific examples or articulated reasoning do not support a good cause showing." *United States v. Jones*, No. 3:06-CR-149, 2007 U.S. Dist. LEXIS 91743, at *3 (E.D. Tenn. Dec. 13, 2007) (citation omitted); *see also Darden*, 2017 U.S. Dist. LEXIS 137942, at *1 (finding a proposed protective order that would have restricted the defendant's ability to retain any discovery materials likely too broad, absent sufficient explanation from the Government).

The overbreadth of the current Protective Order warrants its amendment. The Court acknowledges the serious concerns for witness safety at play here. However, the current Protective Order is not tailored to address those concerns. *See Campbell*, 2019 U.S. Dist. LEXIS 99806, at *3. That said, Defendant's requested amendment—that Defendant have access to all discovery materials—similarly sweeps too broadly because it fails to address the legitimate concerns for the safety of witnesses. Rather, the Court finds it appropriate to amend the Protective Order such that its applicability is narrowed to certain confidential material. *See id.* Specifically, under the Amended Protective Order, Defendant's restriction on retaining discovery materials will be limited to apply only to materials that reference a confidential informant or that may otherwise reveal the identity of a protected witness.

## CONCLUSION

Based on the foregoing, the Court **ORDERS** the following:

1. Defendant's Motion to Amend Protective Order (Doc. 18) is **GRANTED IN PART**; and

2. The Protective Order (Doc. 16) is **AMENDED** as follows: The Government shall identify discovery materials that reference a confidential informant or that may otherwise reveal the identity of a protected witness, which will be marked "CONFIDENTIAL." The CONFIDENTIAL materials will then be provided to Defense Counsel, subject to the limitations contained in the Protective Order. Namely, Defendant may only review CONFIDENTIAL materials in the presence of his attorney, and Defendant is prohibited from maintaining in his possession any CONFIDENTIAL materials. The restrictions laid out in the Protective Order apply only to discovery materials deemed CONFIDENTIAL. The Protective Order is otherwise unchanged and remains in full effect.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: _____
JUDGE MATTHEW W. McFARLAND